IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RICARDO HERRERA**                     **PLAINTIFF**

v.                  **CIVIL NO. 1:24-cv-71-LG-RPM**

**BABOM HORTON &**
**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                **DEFENDANTS**

**ORDER DENYING DEFENDANT BABOM HORTON'S MOTION TO COMPEL CONSUMMATION OF SETTLEMENT AGREEMENT**

  The underlying controversy before this Court is in the nature of a tort claim for damages as a result of an automobile accident. Defendant Babom Horton seeks enforcement of a purported settlement agreement between Plaintiff Herrera and Kemper Corporation, Horton's insurer. Horton asserts that the Court has "inherent authority to enforce settlement agreements entered by parties in pending litigation[.]" Def.'s Mem. [18] at 2 (citation omitted). The Motion is denied. The Court lacks ancillary jurisdiction to enforce the purported settlement agreement.

  Federal courts have limited jurisdiction authorized by the Constitution and statute; federal courts cannot confer jurisdiction upon themselves through judicial decree. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). A party seeking a federal court's jurisdiction has the burden of establishing jurisdiction. *Id* Accordingly, *Kokkonen* makes clear that in the context of ancillary jurisdiction to enforce settlement agreements, the principle that federal courts are courts of limited jurisdiction requires distinguishing a district court's intention to make the terms of a settlement agreement part of its dismissal

order from the court's mere recognition or approval of the settlement agreement. *See id.* at 381.

The settlement between Herrera and Horton's insurer is claimed to have occurred before the underlying case was filed in the state court and prior to removal.[1] There is no documentation or memorialization of such an agreement within the state court records. Thus, the claimed violation of such an agreement is for the state courts, in the nature of a breach of contract, and is outside this Court's ancillary jurisdiction to enforce settlements.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Defendant Babom Horton's Motion [17] to Compel Consummation of Settlement Agreement is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 17th day of December, 2024.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE

---

[1] According to Movant, counsel for Herrera accepted the $25,000 policy limits in settlement of his tort claims on June 27, 2023. S*ee* Def's Motion, Exhibit 2. The underlying state court case was filed on January 29, 2024, and was removed by State Farm Mutual Automobile Insurance Company to this Court of March 8, 2024.